UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **THOMAS GRANT,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**VIVEK RAMASWAMY**, an Ohio resident,<br><br>*Defendant.* | No. 2:24-cv-00281-MHW-KAJ |

**PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY TO PRESERVE RELEVANT RECORDS OF CALLS TO PLAINTIFF AND THE PUTATIVE CLASS**

This putative class action case arises from prerecorded voice calls promoting Defendant Vivek Ramaswamy's 2024 presidential candidacy that were made without consent to consumers' cellular telephone numbers. *See* ECF 1 at ¶¶ 17-25. The Telephone Consumer Protection Act specifically prohibits "Political campaign-related … prerecorded voice calls … to cell phones, pagers or other mobile devices *without the called party's prior express consent*." Federal Communications Commission, Rules for Political Campaign Calls and Texts, https://www.fcc.gov/rules-political-campaign-calls-and-texts (last visited Feb. 29, 2024).

Under the circumstances alleged here, a political candidate who does not himself make the calls (but whose official campaign instead makes the calls) may be held personally liable under the TCPA. *See, e.g., Rowan v. Pierce*, No. 20-1648 (RAM), 2023 U.S. Dist. LEXIS 155697, at *26-34 (D.P.R. Sep. 1, 2023) (denying 2020 presidential candidate Brock Pierce's summary judgment motion and finding that a candidate can be held personally liable for robocalls made by the campaign when the candidate "give[s] the reasonable impression that [he] impliedly authorized the Campaign to call" or if he knew about the calls and did nothing to stop them).

1

This is because, as the Supreme Court explained in a case concerning political robocalls, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

One of the only meaningful ways to identify putative class members in TCPA cases is through call transmission logs. However, not all dialer providers preserve call transmission logs for an extended period of time. In fact, in prior robocalls cases, Plaintiff's counsel has encountered dialer providers that in the regular course of their business destroy call records every 90 days.

As a result, to ensure preservation of the call transmission logs needed to identify putative class members and the violative calls they received, Plaintiff requested that Mr. Ramaswamy identify the dialer used to make the calls to Plaintiff and the putative class members so that Plaintiff could serve a preservation notice and attempt to confirm the dialer provider's preservation of the call records, and, if the dialer provider failed to confirm their preservation of records, Plaintiff could serve a subpoena to the dialer provider for the records.

In response, Mr. Ramaswamy refused to identify the dialer unless Plaintiff would agree to drop him as a party and proceed only against Mr. Ramaswamy's now-defunct campaign. Plaintiff did not agree in light of the well pled allegations regarding Mr. Ramaswamy's potential personal liability. *See, e.g., Rowan v. Pierce*, No. 20-1648 (RAM), 2022 U.S. Dist. LEXIS 14547, at *6-7 (D.P.R. Jan. 21, 2022) (denying 2020 presidential candidate Brock Pierce's motion to dismiss: "In the case at bar, the *Complaint* alleges that Pierce: (1) collected independent voter lists to gather

voters' phone numbers; (2) created and controlled the content of the prerecorded calls; (3) determined to whom the calls should be made; (4) authorized the prerecorded calls; and (5) sent the prerecorded messages to individuals without first obtaining their consent to receive them. … Plaintiff thereby sufficiently alleges that Pierce had significant control and participation regarding the prerecorded calls. Although said allegations 'may not be sufficient to *prove* any theory of vicarious liability[,] **[t]hey are more than sufficient, however, to entitle [Plaintiff] to further discovery**.'").

And although Mr. Ramaswamy has stated that preservation notices have been sent, if a preservation notice was sent to the dialer provider, the dialer provider has failed or otherwise refused to respond, as Mr. Ramaswamy could not confirm that the dialer provider is preserving call records.

As a result, Plaintiff seeks to immediately commence limited discovery to identify the dialer provider and ensure the preservation of call transmission logs reflecting robocalls regarding Mr. Ramaswamy's presidential candidacy to Plaintiff and other putative class members. Specifically, Plaintiff seeks an order (1) compelling Mr. Ramaswamy to identify the dialer used to transmit the calls and (2) permitting Plaintiff to then serve a subpoena on the dialer provider with a single requests for "All call transmission logs, including all associated fields of data, for any prerecorded voice call concerning Vivek Ramaswamy's 2024 presidential candidacy."

Without such an order, the call transmission logs may be destroyed in the regular course of business as has been Plaintiff's counsel's experience, including specifically in past cases involving political robocalls. *See, e.g., Rowan v. Pierce*, No. 20-1648 (RAM), Brock Pierce's Supplemental Brief in Opposition to Plaintiff's Motion for Class Certification [ECF 168] at 1 (D.P.R. Apr. 24, 2023) (explaining in April 2023 in reference to records of robocalls made in October 2020: "We

3

now know that the software vendor destroyed the records in the normal course of its business operations years ago.").

"Pursuant to Rule 26(d), district courts are permitted to authorize discovery prior to the parties' Rule 26(f) conference. Expedited discovery may be permitted upon the moving party's showing of good cause. Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. In determining whether good cause exists, courts consider several factors such as: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought. Good cause is often found in cases involving infringement, unfair competition, or where evidence may be lost or destroyed with time. Ultimately, however, the decision of whether to permit expedited discovery rests within the district court's sound discretion." *Summit Tool Co. v. Xinkong USA Inc.*, No. 20-cv-1182, 2020 U.S. Dist. LEXIS 148794, at \*1-2 (N.D. Ohio Aug. 18, 2020) (cleaned up).

In TCPA putative class actions, like this case, courts regularly find that good cause for expedited discovery exists where there is a risk that call transmission logs that reflect the calls to the putative class may be destroyed as a result of the dialer provider's normal retention policies. *E.g., Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 16-cv-236, 2016 U.S. Dist. LEXIS 56030, at \*6 (S.D. Ohio Apr. 27, 2016) ("Plaintiff has demonstrated that as a result of WestFax's alleged retention policies, evidence relevant to this action may be destroyed absent a Court Order. The Court therefore concludes that Plaintiff has satisfied its burden to seek a discovery order at this juncture notwithstanding that the parties have not conducted their Rule 26(f) conference."); *see Akselrod v. Marketpro Homebuyers LLC*, No. CCB-20-2966, 2021 U.S. Dist. LEXIS 5253, at \*5-7 (D. Md. Jan. 11, 2021) ("Akselrod disagrees, arguing that … a delay in class

discovery poses a risk that the third-party MarketPro used to send the messages at issue will destroy relevant call records before Akselrod can obtain them. … To prevent the possibility of evidence spoliation, Akselrod may subpoena the third party at issue or take some other action to ensure the preservation of records".).

In fact, in these circumstances, courts often compel the defendants themselves to retrieve the call transmission logs. *E.g., Dickson v. Direct Energy, Inc.*, No. 18-cv-00182-GJL, Docket Order (N.D. Ohio May 21, 2018) ("granting plaintiff's motion to compel defendant Total Marketing Concepts, LLC to gather/retrieve all telecommunication records from their vendor to avoid the destruction of records that identify putative class members"); *see Fitzhenry v. Career Edu. Corp.*, No. 14-cv-10172, Order [ECF 101] (N.D. Ill. Feb. 25, 2015) ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services.").

Here, Plaintiff has requested that Mr. Ramaswamy identify the dialer that was used to call putative class members including Plaintiff so that Plaintiff could take steps necessary to ensure the preservation of call transmission logs, and Mr. Ramaswamy has refused to do so. Although Mr. Ramaswamy has stated that preservation notices were sent to appropriate third parties, he was unable to confirm that the calling platform provider or any other third party had taken any action to preserve relevant call transmission logs. *Cf. Caston v. Hoaglin*, No. 08-CV-200, 2009 U.S. Dist. LEXIS 49591, at *11 (S.D. Ohio June 12, 2009) ("Defendants argue that these subpoenas are unnecessary, representing that defendants have communicated with the eight individuals and have advised them to preserve the documents identified in plaintiff's proposed subpoenas. However, as plaintiff points out, an informal conversation asking non-parties to preserve certain documents

5

lacks the force of a subpoena. Based on the present record, if defendants' motion to dismiss is denied, failing to preserve the identified documents would work to plaintiff's prejudice.").

As a result, there is good cause for permitting the requested discovery. *See id.* at *11 ("the Court concludes that plaintiff has established good cause. First, plaintiff may suffer undue prejudice if the documents that he seeks to preserve, which may bear directly on the claims in this litigation, are destroyed.").

First, there is an imminent risk that the unidentified and non-responding dialer provider may destroy the call transmission logs in the regular course of business.

Second, the call transmission logs are a critical piece of evidence necessary to advance this case through class certification and to prove class members' claims at trial if Mr. Ramaswamy's anticipated motion to dismiss is denied.

And third, the discovery requested is narrowly tailored to ensuring preservation of exclusively this evidence without imposing any burden on Mr. Ramaswamy.

Plaintiff therefore requests that the Court compel Mr. Ramaswamy to identify the dialer used to make calls concerning his presidential candidacy and permit Plaintiff to serve a single-request subpoena to the dialer provider for transmission logs reflecting these calls.

DATED this 29th day of February, 2024.     Respectfully submitted,

                         By: /s/ *Brian Giles*
                         Brian Giles (OH Bar No. 0072806)
                         bgiles@gilesharper.com
                         GILES & HAPER, LLC
                         7247 Beechmont Ave.,
                         Cincinnati, OH 45230
                         Telephone: (513) 379-2715

                         Avi R. Kaufman
                         kaufman@kaufmanpa.com
                         KAUFMAN P.A.
                         237 South Dixie Highway, Floor 4
                         Coral Gables, FL 33133
                         Telephone: (305) 469-5881

                         *Attorneys for Plaintiff and the putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 29, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                       */s/ Brian Giles*