IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS GRANT,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　Civil Action 2:24-cv-00281
　　　　　　　　　　　　　　　　Judge Michael H. Watson
　　　　　　　　　　　　　　　　Magistrate Judge Kimberly A. Jolson

**VIVEK RAMASWAMY,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Discovery (Doc. 6). For the following reasons, Plaintiff's Motion is **GRANTED.**

**I.　　BACKGROUND**

Plaintiff's class action complaint arises out of allegations that Defendant violated the Telephone Consumer Protection Act (TCPA) by making unsolicited, pre-recorded calls to consumers' cell phone numbers during the 2024 election cycle. (Doc. 1 at 4–8). Plaintiff filed his complaint in this Court on January 23, 2024, and Defendant waived service. (*See* Docs. 1, 5). The parties have not yet held a Rule 26(f) discovery conference.

On February 29, 2024, Plaintiff filed a Motion for Discovery, asking this Court to order Defendant to identify the dialer used to transmit the calls at issue in this case and to permit Plaintiff to send that dialer a subpoena. (Doc. 6 at 3). The subpoena would request "[a]ll call transmission logs, including all associated fields of data, for any prerecorded voice call concerning Vivek Ramaswamy's 2024 presidential candidacy." (*Id.*). Plaintiff says this discovery is urgent because "the call transmission logs may be destroyed in the regular course of business." (*Id.*). According to Plaintiff, some dialer providers destroy call records every 90 days. (*Id.* at 2).

Plaintiff first attempted to resolve this discovery matter extrajudicially with Defendant. But Plaintiff says Defendant "refused to identify the dialer unless Plaintiff would agree to drop him as a party and proceed only against [his] now-defunct campaign." (*Id.*). Defendant also told Plaintiff that "preservation notices have been sent" to the dialer provider, but Defendant "could not confirm that the dialer provider is preserving call records." (*Id.* at 3). In his response to Plaintiff's Motion, Defendant provided emails that confirm Plaintiff's account of the parties' conferral efforts. (*See* Doc. 10-1). Based on the parties' briefing, it is the Court's understanding that there is only one dialer provider at issue.

Defendant waited until the last possible moment to respond to Plaintiff's Motion. (*See* Doc. 10); S.D. Ohio. Civ. R. 7.2(a)(2) (stating memorandum in opposition must be filed within twenty-one days after the date of service of the motion). Opposing the discovery request, Defendant argues that Plaintiff has not demonstrated good cause for expedited discovery. (Doc. 10 at 6–8). Defendant also filed a Motion to Dismiss Pursuant to Federal Rule 12(b)(7), stating that Plaintiff should have sued Vivek Ramasamy's campaign instead of Defendant Ramaswamy himself. (*See generally id.*). On April 1, 2024, Defendant filed another motion to dismiss for "lack of standing, failure to join the correct party, and failure to state a claim." (Doc. 18 at 1).

Plaintiff's Motion for Discovery (Doc. 6) is now ripe for review.

## II.  STANDARD

Federal Rule of Civil Procedure 26 dictates that a party generally may not seek discovery "before the parties have conferred as required by Rule 26(f)," except in limited circumstances, including when authorized by court order. Fed. R. Civ. P. 26(d). "Courts within the Sixth Circuit require a showing of good cause in order to authorize expedited discovery." *TCYK, LLC v. Does 1–17*, No. 2:13-cv-535, 2013 WL 2665025, at *1 (S.D. Ohio Jun. 12, 2013). Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

responding party. *Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). And "good cause is often found in cases. . . where evidence may be lost or destroyed with time." *Caston v. Hoaglin*, No. 2:08-cv-200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). Finally, good cause is also determined by the scope of the discovery request. *Arista Records, LLC*, 2007 WL 5254326, at *2 (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003)).

**III.    DISCUSSION**

Here, Plaintiff has demonstrated good cause for expedited discovery. To begin, Plaintiff has sufficiently shown that relevant evidence may be destroyed without immediate discovery. *See Swetlic Chiropractic & Rehab. Center, Inc. v. Foot Levelers, Inc.*, No. 2:16-cv-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) (stating good cause is established when a company's retention policies demonstrate that relevant evidence may be destroyed absent a court order). Courts across the country have granted similar requests in TCPA cases. *See, e.g.*, *Perrong v. Caller Identified as Connor*, No. 22-4479-CPO-EAP, 2023 WL 113957, at *2 (D. N.J. Jan. 4, 2023) (granting a motion for a subpoena before a Rule 26(f) conference, so plaintiff could obtain data from a subscriber that made automated calls); *Hunsinger v. Doe Corp.*, No. 3:22-cv-2444-M-BH, 2022 WL 16722344, at *2 (N.D. Tex. Nov. 4, 2022) (allowing plaintiff to conduct limited discovery before the Rule 26(f) conference to identify the third parties who owned the numbers from which prerecorded telemarketing calls were made); *Presta v. Doe*, No. A-22-CV-242-LY, 2022 WL 22248546, at *2 (W.D. Tex. Mar. 25, 2022) (granting a request for a subpoena pre-discovery conference to identify the "Defendant Doe" who called plaintiff).

Defendant responds that since Plaintiff has no direct evidence that the particular dialer provider in this case will destroy records soon, the Court should deny the Motion. (Doc. 10 at 7). Defendant

relies on *Abraham, Inc. v. United States*, where the third-party vendor had communicated to counsel that the sought-after records would be destroyed thirteen months later. No. 2:18-cv-1306, 2018 U.S. Dist. LEXIS 202948, at *2 (S.D. Ohio Nov. 30, 2018). But the facts here are different. Plaintiff does not know the dialer provider's retention policy because Defendant refuses to reveal the dialer's identity or provide any useful information about the preservation notices he purportedly sent. (Doc. 6 at 2–3; Doc. 10-1 at 2–13). So, records may be retained for many months—or may be destroyed very soon. Because of this uncertainty, Plaintiff needs to know the identity of the dialer now.

Additionally, Defendant will not be prejudiced by the requested discovery. Defendant's burden is light, as he is required only to name the dialer provider. And Defendant's conduct demonstrates he knows the identity of the dialer provider. (*See* Doc. 6 at 2–3; Doc. 10-1 at 3). Indeed, when asked, Defendant never claimed not to know the dialer's identity. Instead, he refused to identify the dialer or provide information about the preservation notices he purportedly sent. (*Id.*). Rather than cooperating with Plaintiff to avoid the Court's intervention, Defendant attempted a quid pro quo. He tried to force Plaintiff to drop him as a defendant in exchange for the discovery. (Doc. 6 at 2; Doc. 10-1 at 3 ("However, I will represent to you that Vivek 2024, as we previously discussed, who is the proper party in this matter, did indeed engage with a vendor to act on behalf of the Campaign. In the event you correct the parties in this matter, the Campaign is ready and willing to disclose vendors and provide you with the representations you desire.")). At this point, due to Defendant's gamesmanship, Plaintiff may not be able to collect this data before it is destroyed without a court order and a subpoena.

More still, the scope of the requested discovery is sufficiently narrow. Plaintiff seeks only to subpoena a dialer provider to obtain call transmission logs and the relevant data available for those logs. *See, e.g.*, *Strange v. Green & Red Co.*, No. 18-CIV-81382, 2018 WL 11458912, at *3 (S.D. Fl. Nov. 8, 2018) (finding an expedited discovery request narrowly tailored when it sought to discover

limited information connected to certain telephone numbers). As such, the limited scope of Plaintiff's request supports a finding of good cause.

Finally, Defendant argues that Plaintiff's discovery request should be rejected because he "sued the wrong party." (Doc. 10 at 7). While the Court will not address the merits of Defendant's motions to dismiss right now, the Undersigned finds this argument unpersuasive in the context of an expedited discovery request. The fact that Defendant has filed motions to dismiss does not prevent Plaintiff from seeking expedited discovery. Courts have granted such requests even while such motions were pending. *See, e.g.*, *Caston*, 2009 WL 1687927, at *4 (finding plaintiff established good cause to send subpoenas prior to a discovery conference, even though a motion to dismiss was pending) ("[I]f defendants' motion to dismiss is denied, failing to preserve the identified documents would work to plaintiff's prejudice."); *Hydropartners, LLC v. Ecoenergy Energy Generation Ltd.*, 1:08-cv-819, 2008 WL 1775411, at *2 (N.D. Ohio Apr. 16, 2008) (finding a motion for expedited discovery well-taken, even though a motion to dismiss based on personal jurisdiction was pending). Plus, even if Plaintiff were to amend this action to sue Defendant's campaign, Plaintiff would still require the information Defendant refuses to turn over: the identity of the dialer provider. In a scenario where Plaintiff also sued Defendant's former campaign, Plaintiff theoretically could send discovery requests to Defendant to request this same information. More still, it is unclear if the campaign could respond quickly to Plaintiff's discovery request at this point, since the campaign is now "defunct." (Doc. 6 at 2). At base, forcing Plaintiff to amend his complaint to add the campaign before conducting discovery would simply delay the inevitable, a delay that could result in the destruction of relevant evidence.

In sum, Plaintiff has demonstrated an immediate need for discovery, supported by good cause. Accordingly, his Motion (Doc. 6) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 6) is **GRANTED.** Defendant must inform Plaintiff of the identity of the dialer provider(s) **within three (3) days of this Order**. If there are multiple dialer providers, Defendant must turn over all of their identities. Plaintiff may then send the identified provider(s) a subpoena requesting all call transmission logs, including all associated fields of data, for any prerecorded voice call concerning Vivek Ramaswamy's 2024 presidential candidacy.

IT IS SO ORDERED.

Date: April 2, 2024                                         /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE