**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**Thomas Grant,**

    **Plaintiff,**                                        Case No. 2:24-cv-281

    v.                                              Judge Michael H. Watson

**Vivek Ramaswamy,**                         Magistrate Judge Jolson

    **Defendant.**

## OPINION AND ORDER

Vivek Ramaswamy ("Defendant") objects to one of Magistrate Judge Jolson's discovery orders (the "Order"). ECF No. 22. For the following reasons, Defendant's objections are **OVERRULED**.

### I. BACKGROUND

Thomas Grant ("Plaintiff") sues Defendant for alleged violations of the Telephone Consumer Protection Act. Compl., ECF No. 1. About a month after filing the Complaint, Plaintiff moved for limited discovery about the "Dialer" (the entity that actually made the calls on Defendant's behalf). ECF No. 6. Specifically, Plaintiff requested Defendant provide the identity of the Dialer and further requested permission to serve the Dialer with a subpoena for the Dialer's call transmission logs. *Id*. Plaintiff represented that some professional dialers regularly destroy call transmission logs and, therefore, Plaintiff was worried the logs might be destroyed. *Id*. Defendant opposed and simultaneously moved to

dismiss for failure to join a necessary party (namely, the Vivek Ramaswamy campaign corporation).  ECF No. 10.

Magistrate Judge Jolson granted Plaintiff's motion.  ECF No. 19  She concluded that the early discovery was appropriate because Plaintiff had shown a risk that the evidence would be destroyed, Defendant would not be prejudiced, and the scope of the discovery request was sufficiently narrow.  *Id*.

Defendant now objects to the Order.  ECF No. 22.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) governs the review of a magistrate judge's order which is not dispositive of a claim or defense.  Rule 72(a) provides a district judge must consider timely objections to the magistrate judge's order and must "modify or set aside any portions of the magistrate judge's order found to be clearly erroneous or contrary to law."  *Id*.  "The 'clearly erroneous' standard applies to the magistrate judge's factual findings and the 'contrary to law' standard applies to the legal conclusions."  *Derrick Gibbs, v. Hamilton Cty. Sheriff Dep't, et al.*, No. 1:21-CV-75, 2022 WL 42366, at *2 (S.D. Ohio Jan. 5, 2022) (internal quotation marks and citations omitted).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (internal quotation marks and citations omitted).  Legal conclusions are contrary to law "if the magistrate has misinterpreted or misapplied applicable law."  *Hood*

*v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (internal quotation marks and citations omitted).

### III.     ANALYSIS

Defendant argues that three of the Order's conclusions are clearly erroneous or contrary to law: (1) that Plaintiff demonstrated good cause for early discovery; (2) that the Court did not need to confirm jurisdiction before ruling on the discovery dispute; and (3) that Plaintiff may serve a subpoena on the Dialer, once identified.  Obj., ECF No. 22.  The Court addresses each objection, in turn.

**A.     Good Cause**

First, Defendant argues that the magistrate judge erred when she concluded that Plaintiff had shown good cause for early discovery.

Federal Rule of Civil Procedure 26(d)(1) provides that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"  However, Rule 26(d)(1) lists a few exceptions to that moratorium, including "when authorized . . . by court order."

"[D]istrict courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery."  *Lemkin v. Bell's Precision Grinding*, No. CIV.A. 2:08-CV-789, 2009 WL 1542731, at *2 (S.D. Ohio June 2, 2009) (citing cases).  When considering whether a moving party has established good cause, courts consider: (1) whether there are allegations of infringement or unfair competition; (2) any risk that evidence "may be lost or destroyed . . . without expedited discovery"; and (3) the "scope of the discovery

request." *Wurth Elecs. ICS, Inc. v. Elemary*, No. 3:23-CV-82, 2023 WL 3159738, at *2 (S.D. Ohio Apr. 18, 2023) (cleaned up; citing cases). A court should also consider the prejudice to the opposing party. *Id*. ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." (quotation marks and citation omitted)).

    Here, there is good cause. True, this is not a case involving patent infringement or unfair competition, but all the other factors favor Plaintiff. First, Plaintiff persuasively argues that there is a risk that evidence will be lost. Plaintiff's counsel represents that, in other TCPA cases, some of the companies that make calls on behalf of others (like the Dialer) have policies to destroy call logs within a few months. *E.g.*, Resp., ECF No. 23. Of course, that does not *prove* the evidence in this case will be lost. Still, Plaintiff has presented a sufficient basis for concluding that there is a *risk* that the evidence will be lost. That is enough for this factor to favor allowing early discovery. *See Coop. Med. Health Care Corp., P.A. v. Med. Synergy, Inc.*, No. 1:21-CV-46-PAB, 2021 WL 4523442, at *2 (N.D. Ohio Oct. 4, 2021) (finding that this factor favored expedited discovery because of a "significant risk" that records would otherwise be lost); *cf. Fuller v. John Doe Corp.*, No. 2:18-CV-1722, 2019 WL 13197868, at *1 (S.D. Ohio Jan. 7, 2019) ("[W]ithout the [early] discovery, there is a significant risk that RMG and/or the telephone service providers could delete or destroy the information Plaintiff needs to identify Defendants.").

Second, Defendant would suffer little prejudice. The only thing Defendant has to do is give Plaintiff the name of the Dialer. Defendant has represented that his campaign corporation is "ready and willing" to disclose the identity of the Dialer. Thus, even assuming Defendant, the individual, does not already know the identity, it would apparently take little more than a phone call or email between Defendant and his campaign corporation for Defendant to learn the same. Accordingly, this factor also favors Plaintiff.

Finally, the scope of the requested discovery is narrow. Plaintiff asks for only the identity of the Dialer and for permission to subpoena call logs from the Dialer. Thus, the request is limited to only what Plaintiff needs to preserve the call transmission logs. This factor supports allowing early discovery. *See Abraham, Inc. v. United States*, No. 2:18-CV-1306, 2018 WL 11294980, at *2 (S.D. Ohio Nov. 30, 2018) (allowing early discovery where "the scope of the requested discovery is limited to the information that will likely be destroyed and is relevant to the claims in this action.").

In sum, the magistrate judge correctly concluded that Plaintiff has shown good cause for early discovery. As a result, Defendant's first objection is **OVERRULED**.

B.  **Timing of Jurisdictional Determination**

Next, Defendant argues that the magistrate judge erred by ruling on a discovery dispute before resolving Defendant's jurisdictional challenge. This argument fails because, as explained below, the Court has subject-matter

jurisdiction over the case.  Thus, any error in not resolving the jurisdictional challenge before turning to the discovery motion was harmless.

Defendant argues that Plaintiff lacks standing to assert his claim.  Article III standing has three elements.  "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).  Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id*. (cleaned up).  Third, it must be likely that the injury will be "redressed by a favorable decision." *Id*. at 561 (quotation marks and citation omitted).

Defendant specifically challenges traceability and redressability.  ECF No. 18.  According to Defendant, Plaintiff should have sued the Vivek Ramaswamy campaign corporation, not Vivek Ramaswamy, the individual.  *Id*.  According to Defendant, it was the campaign, not the individual, who orchestrated campaigning activities, including any campaign-related phone calls.  *Id*.  Thus, argues Defendant, because Vivek Ramaswamy the individual did not do any of the alleged wrongdoings, Plaintiff's injuries are not traceable to him.  *Id*.  Further, Defendant argues that the injunctive relief Plaintiff seeks would not redress Plaintiff's injuries because Defendant did not cause them.  *Id*.

Defendant's standing arguments are unpersuasive.  Each element of standing must be supported with the "manner and degree of evidence required at

the successive stages of litigation." *Lujan*, 504 U.S. at 561 (citing cases). Thus, "[a]t the pleadings stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id*. (citation omitted). The Complaint alleges that Vivek Ramaswamy, the individual, authorized and controlled the allegedly wrongful phone calls. *E.g.*, Compl. ¶¶ 19–21, ECF No. 1. Thus, the Complaint alleges that Defendant caused Plaintiff's injury and, therefore, Plaintiff has alleged standing.[1]

In sum, even assuming it was an error for the magistrate judge to rule on a discovery dispute before resolving a jurisdictional challenge, that error was harmless. Plaintiff has standing to pursue his claim, and, by extension, the Court has subject-matter jurisdiction over the case. Accordingly, Defendant's jurisdictional objection is **OVERRULED**.

**C.     Subpoena**

Third, Defendant objects to the Magistrate Judge's decision to allow Plaintiff to serve a third party (the Dialer) with a subpoena. Defendant lacks standing to raise this objection. "The law is clear[:] absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Hackmann v. Auto Owners Ins. Co.*, No. CIV.A. 2:05-CV-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009) (citation omitted). Defendant offers no argument that he has

---

[1] Even if the allegations turn out to be false, the Complaint still *alleges* standing. Moreover, this case is in its infancy. Plaintiff very well may move for leave to add the campaign corporation or substitute it for Defendant.

any claim of privilege to the information sought by the subpoena.  Thus, Defendant lacks standing to challenge the subpoena, including through an objection.  Accordingly, this objection is **OVERRULED**.

## IV.     CONCLUSION

For these reasons, Defendant's objections are **OVERRULED**, and Magistrate Judge Jolson's order is **AFFIRMED**.

**IT IS SO ORDERED.**

                                         */s/ Michael H. Watson*
                                         **MICHAEL H. WATSON, JUDGE**
                                         **UNITED STATES DISTRICT COURT**