# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Thomas Grant,

    Plaintiff,

v.

Vivek Ramaswamy,

    Defendant.

Case No. 2:24-cv-281

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Vivek Ramaswamy ("Defendant") moves to dismiss Thomas Grant's ("Plaintiff") Complaint. ECF Nos. 10 & 18. For the following reasons, the Court **RESERVES RULING IN PART** and **DENIES IN PART** the motions to dismiss.

### I. FACTS[1]

Defendant was one of the 2024 Republican candidates for President of the United States of America. Compl. ¶ 17, ECF No. 1. As part of Defendant's bid for office, he made pre-recorded calls to people without first obtaining their consent (the "Calls"). *Id.* ¶ 18. Plaintiff received several of the Calls on his cellphone, which is registered on the national "do not call" registry. *Id.* ¶¶ 27, 29–36.

---

[1] The Court accepts Plaintiff's factual allegations as true for the purposes of Defendant's motion. *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (citation omitted).

Based on these facts, Plaintiff asserts a claim under the Telephone Consumer Protection Act ("TCPA") on an individual and class-wide basis. *Id.* ¶¶ 47–50.

Defendant moves to dismiss the claim for lack of standing, failure to state a claim, and failure to join a party under Federal Rule of Civil Procedure 19. ECF Nos. 10 & 18.

As to the motion to dismiss for lack of standing, the Court has already addressed Defendant's standing arguments and found them without merit at the pleadings stage. ECF No. 24. Accordingly, that portion of the motion to dismiss is **DENIED**; the Court considers Defendant's remaining bases for dismissal, in turn.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant moves to dismiss the Complaint for failure to state a claim under the TCPA. ECF No. 18.

### A. Standard of Review

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion-to-dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Warner*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B.   Analysis**

To state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was made to a cell or wireless phone; (2) by the use of any "automatic dialing system or an artificial or prerecorded voice"; and (3) without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A).

Defendant argues that Plaintiff does not state a claim under the TCPA. According to Defendant, Plaintiff has not alleged a basis for holding Defendant liable—either directly or vicariously—for the alleged violations, and the Calls are exempted from the TCPA's protections. The Court considers each argument, in turn. However, because the Court concludes that Plaintiff has alleged a basis for

vicarious liability, the Court does not consider whether Defendant may also be directly liable.

### 1. Vicarious Liability

An entity may be held vicariously liable under the TCPA under "traditional agency tenets, including not only formal agency, but also principles of apparent authority and ratification." *Lucas v. Telemarketer Calling from (407) 476-5680*, No. 18-3633, 2019 WL 3021233, at *5 (6th Cir. May 29, 2019) (quotation marks and citation omitted).

At a minimum, the Complaint contains enough factual allegations to support vicarious liability based on ratification. "[R]atification occurs when an agent acts for the principal's benefit and the principal does not repudiate the agent's actions." *Id.* (citation omitted). In the Complaint, Plaintiff alleges that the dialer placed the Calls for Defendant's benefit. *E.g.*, Compl. ¶¶ 17–22, ECF No. 1. Further, Plaintiff provides several allegations of how Defendant authorized and controlled the recipients, timing, and content of the Calls. *Id.* ¶¶ 20–26. These allegations raise a reasonable inference that Defendant knew about the Calls and did not repudiate them.

Accordingly, because Plaintiff adequately alleges that the calls were made for Defendant's benefit and Defendant did not repudiate the same, Plaintiff has pleaded a basis for vicarious liability under the TCPA.

## 2. Exemptions

Next, Defendant argues that the Calls are exempt from the TCPA's restrictions, pointing to certain regulatory exemptions contained in 64 C.F.R. 1200(a) (the "Exemptions"). Plaintiff responds that the Exemptions apply to only calls made to residential phone numbers, but Defendant points out that courts and the FCC often treat residential phone numbers and personal cellular phone numbers as synonymous for purposes of the TCPA, such that the Exemptions also apply to calls made to cellular phone numbers. Both parties point to case law and agency rules and guidance to support their positions, and both parties agree that whether the Exemptions apply in this case hinges on whether the Exemptions apply to calls made to cellular phones.

The Court reserves ruling on this issue. The Court is concerned that the question of "do the Exemptions apply to calls made to cellular phone numbers" is the type of question that should be referred to the FCC under the "primary jurisdiction" doctrine. See, e.g., Charvat v. EchoStar Satellite, LLC, 630 F.3d 459, 466 (6th Cir. 2010) (discussing the doctrine). The parties, however, have not briefed this issue.

As a result, the parties are **ORDERED** to brief whether the Court should refer this question to the FCC under the "primary jurisdiction" doctrine. The parties shall adhere to the following briefing schedule:

- Plaintiff's opening brief is due **within twenty-one days** of the date of this Opinion and Order.

- Defendant's response is due **within twenty-one days** of the opening brief.

- Plaintiff's reply, if any, is due **within fourteen days** of the response.

No brief shall exceed fifteen pages.

In the alternative, if the parties agree that the Court should (or should not) refer the question to the FCC, they may file a joint notice to that effect—including a joint position statement not to exceed five pages—**within twenty-one days** of the date of this Opinion and Order.

### III.     MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY

Defendant moves to dismiss for failure to join a party under Rule 19. ECF No. 18. According to Defendant, Vivek Ramaswamy, the campaign corporation (the "Campaign"), not Vivek Ramaswamy, the individual, is the proper defendant. *Id*.

Rule 12(b)(7) provides for dismissal for failure to join a party under Rule 19. Whether joinder is proper under Rule 19 is a three-step process:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a).
>
> Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction.
>
> Third, if joinder is not feasible because it will eliminate the court's ability to hear a case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable.

*Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (internal quotation marks and citations omitted) (emphasis in original).

Defendant argues that the Campaign is a necessary party. But Defendant does not argue or suggest that the Campaign could not be properly joined. If joinder is feasible, there is no need to dismiss the Complaint. *See O'Mara v. Cmty. Mental Health of Washtenaw Cnty.*, No. 21-12278, 2022 WL 6581110, at *6 (E.D. Mich. Aug. 8, 2022), *report and recommendation adopted*, No. 21-12278, 2022 WL 4355140 (E.D. Mich. Sept. 19, 2022) ("Dismissal under Fed. R. Civ. P. 12(b)(7) is unnecessary because joinder is feasible."). Because Defendant has provided the Court with no basis to conclude that joinder is not feasible, the motion to dismiss for failure to join a party under Rule 19 is **DENIED**. If Defendant still believes the Campaign should be joined, it may make an appropriate motion under Rule 19.

## IV. CONCLUSION

For these reasons, the Court **RESERVES RULING IN PART** and **DENIES IN PART** the motions to dismiss, ECF Nos. 10 and 18. The parties shall follow the briefing schedule on the "primary jurisdiction" doctrine outlined above. The Clerk shall terminate ECF Nos. 10 and 18.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT